IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01087-CMA
(Criminal Case No. 14-cr-00402-CMA)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

TIMOTHY JAMES TUCKER,

    Defendant-Movant.

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

---

This matter is before the Court following the Tenth Circuit's limited remand directing the Court to consider whether to issue a Certificate of Appealability (COA) for Defendant-Movant Timothy James Tucker's appeal. (Doc. # 107.) Having thoroughly considered the issue, the Court concludes that a COA should not be issued on any of Mr. Tucker's claims in this case.

## I.    LAW

A defendant may not appeal the district court's denial of a § 2255 petition without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating

that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir.2008).

## II. ANALYSIS

Mr. Tucker's 28 U.S.C. § 2255 Motion to Vacate rested on claims that (1) his attorney provided ineffective assistance of counsel; and (2) his plea lacked an adequate factual basis. (Doc. # 96 at 17, 19, 20–22, 25.)

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

With respect to Mr. Tucker's claims of ineffective assistance of counsel, the Court finds that a COA should not be issued.

To support his § 2255 claim of ineffective assistance, Mr. Tucker asserted trial counsel failed to: (1) form a meaningful and close working relationship with Mr. Tucker; (2) communicate all evidence against Mr. Tucker; (3) determine the mitigating circumstances and interview potential witnesses; (4) file meaningful pre-trial motions; (5) object throughout the proceedings; and (6) effectively represent him before or during sentencing. (Doc. # 96 at 17, 19, 20–22, 25.)

The Court analyzed Mr. Tucker's claim in light of the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). That test requires Mr. Tucker to show (1) his counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced as a result. *Id.* at 687–94.

Considering this standard, the Court first concluded that Mr. Tucker's ineffective assistance of counsel claims failed to satisfy the first prong of the *Strickland* test

because he provided the Court with little more than ambiguous, speculative, and conclusory allegations. Among other things, he did not show how is attorney's strategic decisions were objectively unsound; he presented no witnesses left uninterviewed or investigation left unturned; he provided no examples of motions that were not filed; and he was unable to specify how his attorney's communication with him was not meaningful or effective.

The Court also found Mr. Tucker failed to satisfy the second prong of the *Strickland* test. The Court concluded that Mr. Tucker that did not present any facts or argument to support a finding of prejudice. Indeed, he did not even mention prejudice and it could not be presumed in this case.

The Court finds that reasonable jurists could not debate these conclusions, nor find that Mr. Tucker stated a valid claim of the denial of a constitutional right worthy of proceeding further. The law is well-settled that mere conclusory allegations unsupported by specifics are insufficient to support claims under *Strickland*.

**B. MR. TUCKER'S PLEA AGREEMENT**

With respect to Mr. Tucker's claims related to the inadequacy of his plea agreement, the Court also finds that a COA should not be issued.

To support his claims, Mr. Tucker argued that there was no factual basis to support his plea of guilty and that he did not enter into that agreement knowingly or intelligently. (Doc. # 96 at 22.) The Court rejected those arguments for two main reasons — neither of which are reasonably debatable.

1. Procedural Default

First, the Court found Mr. Tucker's claims to be procedurally defaulted. Where

3

the district court denies a petition on procedural grounds, "an applicant faces a double hurdle. *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir.2008). Indeed, a COA may not issue unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Tucker cannot clear this double hurdle. If a defendant does not raise a claim on direct appeal, that claim is generally barred from collateral review unless he can demonstrate "cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (citing *United States v. Hollis*, 552 F.3d 1191, 1193-94 (10th Cir. 2009)); *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Mr. Tucker conceded that he did not file a direct appeal in this case. In addition, he did not present any cause for excusing this procedural default, nor adequately address any resulting prejudice or miscarriage of justice.

Jurists of reason could not disagree on this issue.

2. <u>The Merits</u>

Second, in nonetheless considering the merits of Mr. Tucker's claim, the Court found that Mr. Tucker presented little more than conclusory contentions that were belied by the record. Indeed, the record was replete with instances demonstrating that Mr. Tucker's plea agreement was supported by an adequate factual basis and that Mr. Tucker entered into the agreement knowingly and intelligently. Both in the written plea

4

agreement and again at the Rule 11 hearing, the parties presented a lengthy factual basis to support Mr. Tucker's plea.  The record details Mr. Tucker's repeated affirmations that he understood and agreed to the contents of the plea agreement and could think of no reason why the Court should not accept it.

Again, jurists of reason could not disagree on this issue.

### III.     CONCLUSION

In sum, Mr. Tucker cannot make a substantial showing of the denial of a constitutional right, and the Court therefore DENIES a COA for each of his claims.

DATED:  November 17, 2017        BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge